UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HARTFORD LIFE<br>INSURANCE COMPANY | : | ELECTRONICALLY FILED |
| Plaintiff, | : | |
| vs. | : | CASE NO. 5:13-cv-0895 (FJS/TWD) |
| | : | Judge Frederick J. Scullin, Jr.<br>Magistrate Judge Therese Wiley Dancks |
| CAROL M. SAWYER,<br>BEVERLY GROBELNY<br>and<br>THE ESTATE OF FREDERICK R.<br>GROBELNY, c/o<br>Darrick Grobelny, Administrator | : | |
| Defendants. | : | |

## RELEASE AND STIPULATION OF DISMISSAL
## WITH PREJUDICE PURSUANT TO FED.R.CIV.P.41

Defendants, CAROL M. SAWYER, and THE ESTATE OF FREDERICK R. GROBELNY ["Estate"], by and through their respective counsel who are duly authorized to enter this Release and Stipulation of Dismissal, hereby agree, subject to the approval of this Court, to dismiss all claims that have been asserted or that could have been asserted by either of them as against each other relating to the distribution of the proceeds of an insurance policy purchased on the life of FREDERICK R. GROBELNY, funds that had accrued in a Health Savings Plan maintained by FREDERICK R. GROBELNY, and items of personal property owned by FREDERICK R. GROBELNY at the time of his death.

WHEREAS, this suit was commenced in interpleader by HARTFORD LIFE INSURANCE COMPANY on July 30, 2013 against the Defendants; and

WHEREAS, a motion for leave to deposit interpleader funds in the amount of $53,000.00, representing the total value of the life insurance benefits as issue, was filed by HARTFORD LIFE INSURANCE COMPANY and subsequently granted by this Court; and

WHEREAS, an Answer was filed on behalf of the Estate relating to the distribution of the life insurance benefits at issue on September 18, 2013; and

WHEREAS, an Answer and Cross Claim was filed on behalf of CAROL M. SAWYER relating to the distribution of the life insurance benefits at issue on November 8, 2013; and

WHEREAS, an Order dismissing all claims asserted by HARTFORD LIFE INSURANCE COMPANY and enjoining the Defendants from instituting or prosecuting any proceeding in this or any other Court for the recovery of, or otherwise affecting the life insurance benefits at issue, and removing BEVERLY GROBELNY as a Defendant has been entered in this Court; and

WHEREAS, the Defendants wish to enter a comprehensive agreement to be incorporated in this Release and Stipulation of Dismissal with prejudice which will fully, fairly and equitably resolve all claims, rights and obligations that have been asserted or that could have been asserted as against each other relating to distribution of the life insurance benefits at issue, funds that had accrued in a Health Savings Plan maintained by FREDERICK R. GROBELNY, and items of personal property owned by FREDERICK R. GROBELNY at the time of his death; and

WHEREAS, the Defendants, by and through their respective Counsel, hereby agree to dismiss with prejudice all claims asserted by either party as against the other; and

NOW, THEREFORE, it is hereby stipulated and agreed by and between the Defendants as follows:

1. The foregoing recitals are hereby incorporated into this stipulation by reference.

2. The Defendants hereby agree to dismiss with prejudice all claims that have been asserted or that could have been asserted by either party as against the other.

3. The Defendants hereby agree that the balance of the life insurance benefits that were deposited with this Court by HARTFORD LIFE INSURANCE COMPANY shall be distributed and released to the Defendants, with the Estate to receive 60% and CAROL M. SAWYER to receive 40% of the said life insurance benefits.

4. The Defendants hereby agree that the balance of funds that have accrued in the Health Savings Plan maintained by FREDERICK R. GROBELNY at the time of his death shall be distributed and released to the Defendants, with the Estate to receive 60% and CAROL M. SAWYER to receive 40% of the said Health Savings Plan Funds.

5. The parties hereby agree that all items of personal property belonging to FREDERICK R. GROBELNY at the time of his death, whether tangible or intangible, and including, but not limited to, cash, funds on deposit in any bank account or similar savings or investment accounts of any nature or kind, vehicles, tools, household items, furniture and furnishings, shall hereafter and henceforth be deemed the sole, separate and exclusive property of the party in actual or constructive possession, free and clear of any present or future right, title or interest of the other, ~~save and except that said Farmall H tractor [for which ownership had previously been in dispute], shall be transferred to CAROL M. SAWYER and the said tractor shall hereafter and henceforth be deemed her sole, separate and exclusive property.~~ [AD SkM] The parties further hereby agree that the party retaining or receiving any particular asset, whether tangible or intangible, shall hereafter and henceforth assume any and all liabilities associated with the ownership of such asset, and shall indemnify and hold the other party harmless from any and all such liabilities.

6. The Defendants hereby acknowledge and affirm that their respective Counsel is authorized to enter into and bind them to this Release and Stipulation of Dismissal with prejudice and that by their signature, Counsel for each Defendant have, in fact, bound them to this Release and Stipulation of Dismissal with prejudice.

Dated: 4/24/15

Respectfully Submitted,

_____
Simon K. Moody, Esq.
*Attorney for Carol M. Sawyer*

_____
Anna Dmitriev, Esq.
*Attorney for the Estate of Frederick R. Grobelny*


IT IS SO ORDERED:

_____
Frederick J. Scullin, Jr.
Senior U.S. District Judge

Dated:  April 30, 2015
        Syracuse, NY